**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | **Case No. 16 bk 38408** |
| **DONNA ABBOTT,** | ) | |
| | ) | **Chapter 13** |
| | ) | |
| **Debtor.** | ) | **Honorable Timothy A. Barnes** |
| | ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER AWARDING TO JAN JURCISIN, THERESA BENJAMIN AND J. KEVIN BENJAMIN ATTORNEYS FOR DONNA ABBOTT FOR ALLOWANCE AND PAYMENT OF (INTERIM) (FINAL) COMPENSATION AND REIMBURSEMENT OF EXPENSES

| | | | |
|---|---|---|---|
| TOTAL FEES REQUESTED: | $ 5,198.00 | TOTAL COSTS REQUESTED: | $ 0.00 |
| TOTAL FEES REDUCED: | $ 1,038.75 | TOTAL COSTS REDUCED: | $ 0.00 |
| TOTAL FEES ALLOWED: | $ 4,159.25 | TOTAL COSTS ALLOWED: | $ 0.00 |

**TOTAL FEES AND COSTS ALLOWED: $4,159.25**

The attached time and expense entries have been underlined to reflect disallowance in whole or in part. The basis for each disallowance is reflected by numerical notations that appear on the right of each underlined entry. The numerical notations correspond to the enumerated paragraphs below. The award shall be offset by any pre and post petition payments received.

**(1) Insufficient Description – TOTAL of disallowed amounts: $ 519.00**

The Court denies the allowance of compensation for the indicated task(s) as the description of each task fails to identify in a reasonable manner the service rendered. *In re Pettibone*, 74 B.R. 293, 301 (Bankr. N.D. Ill. 1987) (Schmetterer, J.) ("A proper fee application must list each activity, its date, the attorney who performed the work, a description of the nature and substance of the work performed, and the time spent on the work. [Citation omitted] Records which give no explanation of the activities performed are not compensable."); *In re Wildman*, 72 B.R. 700, 708-9 (Bankr. N.D. Ill. 1987) (Schmetterer, J.) (same).

**(2) Lumping – TOTAL of disallowed amounts (10% of affected entries): $ 243.25**

The Court may impose a ten percent penalty on entries that appear to be "lumping." The Court will reduce each entry marked as such per the penalty. *In re Wildman*, 72 B.R. 700, 709 (Bankr. N.D. Ill. 1987) (Schmetterer, J.) ("Applicants may not circumvent the minimum time requirement or any of the requirements of detail by "lumping" a bunch of activities into a single entry. [citation omitted]. Each type of service should be listed with the corresponding specific time allotment.").

**(3) No Benefit to the Estate – TOTAL of disallowed amounts: $ 276.50**

      The court denies requests for fees relating to services that do not benefit the estate or that are not necessary to the administration of the case. 11 U.S.C. § 330(a)(4)(A). An attorney's internal work prior to retention to determine whether the attorney's firm satisfies the disinterestedness requirement of section 327 of the Bankruptcy Code does not provide benefit to the estate and is not compensable.

Dated: JUL - 6 2017, 2017

United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re:<br>Donna Abbott,<br><br><br><br><br>Debtor(s) | )<br>)<br>)<br>)<br>)<br>)<br>) | BK No.: 16-38408<br><br>Chapter: 13<br>Honorable Timothy A. Barnes<br><br>SELECT IF OUTLYING AREA |

**ATTORNEY'S APPLICATION FOR CHAPTER 13 COMPENSATION NOT UNDER THE COURT-APPROVED RETENTION AGREEMENT OR UNDER SECTION F.4. OF THE COURT-APPROVED RETENTION AGREEMENT (Use for cases filed on or after April 20, 2015)**

The undersigned attorney seeks compensation pursuant to 11 U.S.C. § 330(a)(4)(B) for representing the interests of the debtor(s) in this case.

The attorney hereby certifies that all disclosures required by General Order 11-2 have been made.

**Compensation sought for services in this case:**

$ 5,198.00

**Reimbursement sought for expenses in this case:**

$ 0 for filing fee paid by the attorney with the attorney's funds

$ 0 for other expenses incurred in connection with the case and paid by the attorney with the attorney's funds (itemization must be attached)

$ 0 Total reimbursement requested for expenses.

**Pursuant to Local Rule 5082-2, a completed Form Itemization of time must be attached.**

---

**Funds previously paid to the attorney by or on behalf of debtor(s) for services and expenses in this case to date, including any funds paid pursuant to the Court-Approved Retention Agreement:**

$ 2,000.00 for services

$ 0 for expenses

Date of Application: 4/18/2017 Attorney's signature: /s/ Theresa Benjamin

## ITEMIZATION OF SERVICES RENDERED TO CHAPTER 13 DEBTOR(S)

Debtor(s): Donna Abbott

Case No. 16-38408

Date: 4/18/2017

| Date of Service | Initials of Professional Providing Service | Service Provided | Hours Expended (in tenths of an hour) | Fee Earned | |
|---|---|---|---|---|---|
| 9/29/2016 | JJ | Init. Contact/Due Diligence Receve | .5 | 45 | – insuff. description |
| 10/4/2016 | JKB | order and review due diligence | 1.2 | 510 | – insuff. descrip. |
| 10/13/2016 | JJ | reviewed docs/conf sale date | .3 | 27 | – lumping |
| 10/14/2016 | JJ | call with client/rec additional docs | .5 | 45 | – lumping |
| 10/17/2016 | JJ | conf/sale cont'd/call client | .3 | 27 | – lumping |
| 11/10/2016 | JKB | consult with client/order add'l doc | 1.4 | 595 | – lumping |
| 11/28/2016 | JKB | drafting petition/plan/B22C | 2.3 | 977.50 | |
| | | | **Total Fee Earned** | | |

☐ Continued on additional sheet(s) attached.

### Professionals Providing Services

| Initials | Full Name | Hourly Billing Rate |
|---|---|---|
| JJ | Jan Jurcisin | 90 |
| JKB | J. Kevin Benjamin | 425 |

☑ Continued on additional sheet(s) attached.

Date of application: 4/18/2017

/s/ Theresa Benjamin

Benjamin | Brand | LLP
1016 W. Jackson Blvd
Chicago, Illinois 60607
312-853-3100

## CONTINUATION SHEET – ITEMIZATION OF SERVICES TO CHAPTER 13 DEBTOR(S)

Name of Debtor(s): Donna Abbott Case No. 16-38408 Appl.Date 4/18/2017

Hearing Date: 5/18/2017

| Date of Service | Initials of Professional Providing Service | Service Provided | Hours Expended (in tenths of an hour) | Fee Earned | |
|---|---|---|---|---|---|
| 12/5/2016 | JKB | petition signing/review with client/emerg filing | 1.5 | 637.50 | – lumping |
| 12/6/2016 | JJ | confirm sale cancelled/call with client/next steps/app | .5 | 45 | – lumping |
| 12/19/2016 | JKB | follow up on schedules bal/plan with client | 1.3 | 552.50 | – lumping |
| 1/17/2017 | JKB | 341 and prep for meeting | .8 | 340 | |
| 2/9/2017 | TB | confirmation hearing | .5 | 197.50 | |
| 2/13/2017 | JKB | draft amnd sch/plan/rev w/client; file | .8 | 340 | – lumping |
| 3/9/2017 | TB | confirmation hearing | .5 | 197.50 | |
| 3/10/2017 | JJ | calls/emails to client | .1 | 9 | – insuff. description |
| 3/22/2017 | JJ | follow up with client/upload POC's/send to client | .5 | 45 | – lumping |
| 4/18/2017 | TB | rev case status/default/payroll/ttee notes | .3 | 118.50 | – lumping |
| 4/18/2017 | TB | draft/file fee application | .7 | 276.50 | – No benefit to estate |
| 4/20/2017 | JKB | confirmation/dismissal/app | .5 | 212.50 | |
| | | | | | |
| | | | | | |
| | | | Total Fee Earned | 5198.00 | |

### Professionals Providing Services

| Initials | Full Name | Hourly Billing Rate |
|---|---|---|
| JKB | J. Kevin Benjamin | 425 |
| TB | Theresa Benjamin | 395 |

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Northern District of Illinois

In re **Donna Joann Abbott** Debtor(s)

Case No. **16-38408**
Chapter **13**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

☐ **FLAT FEE**

For legal services, I have agreed to accept $
Prior to the filing of this statement I have received $
Balance Due $

■ **RETAINER**

For legal services, I have agreed to accept and received a retainer of $ **2,000.00**
The undersigned shall bill against the retainer at an hourly rate of $ **425.00**
[Or attach firm hourly rate schedule.] Debtor(s) have agreed to pay all Court approved fees and expenses exceeding the amount of the retainer.

2. $ **310.00** of the filing fee has been paid.

3. The source of the compensation paid to me was:

■ Debtor ☐ Other (specify):

4. The source of compensation to be paid to me is:

■ Debtor ☐ Other (specify):

5. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
d. [Other provisions as needed]
**Services that are included in the firm's representation are defined specifically in the attorney client retainer agreement executed between the parties and no other legal services are included.**

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
**Services that are included in the firm's representation are defined specifically in the attorney client retainer agreement executed between the parties and no other legal services are included and therefore are excluded.**

Software Copyright (c) 1996-2016 Best Case LLC - www.bestcase.com

In re **Donna Joann Abbott** Case No. **16-38408**

Debtor(s)

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)
(Continuation Sheet)

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**December 19, 2016**
*Date*

**/s/ J. Kevin Benjamin ARDC #:**
**J. Kevin Benjamin ARDC #: 6202321**
*Signature of Attorney*
**Benjamin | Brand | LLP**
**1016 W. Jackson Boulevard**
**Chicago, IL 60607-2914**
**(312) 853-3100 Fax: (312) 577-1707**
**attorneys@benjaminlaw.com**
*Name of law firm*

Software Copyright (c) 1996-2016 Best Case LLC - www.bestcase.com Best Case Bankruptcy

BENJAMIN | BRAND | LLP

## *ATTORNEY CLIENT RETAINER AGREEMENT FOR CHAPTER 13 RELATED SERVICES*

This Agreement is executed between Benjamin | Brand | LLP, a Florida Limited Liability Partnership headquartered in Chicago, Illinois ("Firm" or "Attorney" meaning the law firm its staff and attorneys), and the undersigned ("Client"), whether one or more parties individually or jointly, (and collectively the "Parties"). In cases of joint representation of spouses, communication with one spouse will be deemed communication with both spouses. Attorney may disclose to both spouses any facts disclosed by either spouse. Client has been advised to close or draw down any financial account at an entity to which Client owes or may owe money. Client has received a free consultation with no obligation to retain Attorney or to proceed to file a bankruptcy petition ("petition for relief"), and the Parties agree that any prior consultation time is now part of the legal services that have been performed, and further agree to pay the Attorneys for any related services rendered by the Attorneys on behalf of Clients prior to the execution of this Agreement.

Client authorizes Attorney, at their sole discretion and at Attorneys expense, to hire other Attorneys to act in their behalf regarding attendance at 341 meetings, court appearances and/or bankruptcy hearings. More then one attorney and staff may work on this matter. Further, the Parties agree that the Attorney may retain other attorneys as consultants on matters related to this Agreement, and Client agrees to compensate these attorneys for services rendered on Client's behalf at the rates set forth in this Agreement, provided that no services shall be performed by any other outside attorney without the prior consent of Client to the employment of any other attorney unless otherwise stated in this Agreement.

In the event Attorney commences litigation to collect any fees and expensed incurred on behalf of Client, or otherwise undertakes to enforce this agreement due to any breach of it by Client, then Client agrees to pay such legal fees and expenses and Client will be responsible for all costs associated with enforcing the terms of this agreement including but not limited to additional attorney fees and costs.

Now for and in consideration of the mutual promises and obligations exchanged herein under this Agreement, the Parties agree to as follows:

1. **Payment Term and Term of Pre-Filing Representation.** The Initial Retainer quote ensures Attorney's availability to advise and consult with Client or to perform legal services related to the subject matter of this Agreement for a term period of 3 months from the date of this Agreement, and must be paid in full before the expiration of said payment term, after which date this Agreement terminates with no further notice or obligations due from Attorney, unless a petition for relief has in fact been filed, or Attorney, at Attorneys sole discretion, agrees to keep it open. If the retainer fee is paid in full within the term and Client desires to have Attorney file a petition for Client, and assuming Client is qualified and eligible at the time to file, Client will have an additional 30 days to pay the filing fee and any costs or expenses due Attorney, and to provide Attorney with all requested documents in order for Attorney to file a petition for relief under BAPCPA for Client. Attorney does not want to give the false impression that Client may make payments on the retainer at their leisure with Attorney locked into a quoted Retainer or that Client may contact Attorney at any time in the distant future and feel they can "pay the balance due" and have Attorney obligated to file a petition on behalf of Client as Attorney will not and Attorney does not want to give the false impression that if the retainer is not paid in full and on time and a petition is not filed under the terms of this agreement, that Client reserves the option of having Attorney file a petition whenever Client may determine at some time in the future, because no such option exists.

2. **Retention of Attorney.** Client retains and employs Attorney as Clients legal insolvency and bankruptcy counsel. The retainer is paid by Client to Attorney in order to ensure Attorney's availability and commitment during a specific time period or for a specific matter as is indicated in this Agreement and to ensure Attorney's commitment of representation and availability to perform or provide legal services reasonably necessary to represent Client's interests, absent extraordinary circumstances, related to the specific subject matter of this Agreement, and for the specific time period indicated in this Agreement. By retaining Attorney Client acknowledges Attorney is obligated to: (a) refuse any employment that would ever present a legal conflict of interest, limiting Attorney's potential for future clientele; (b) limit the number of new clients it accepts in order that it may perform the work with the highest amount of efficiency and not take every case; and (c) plan its workload so Attorney may perform all legal services necessary for Client under the subject matter of this Agreement. These obligations assure Client that Attorney is available to serve Clients to the best of its abilities and Client's interests, subject to the terms and conditions herein. The value of Attorneys services in relation to the retainer includes this extrinsic value and benefits that Client expressly agrees it is receiving by retaining Attorney. The value of the Attorneys services is not just determined by the hours or Attorneys "time" but rather Client is paying for Attorneys collective knowledge and expertise with the exact extrinsic value difficult to quantify. Extrinsic value of Attorney's services is taken into consideration, along with everything else, in determining the reasonableness of the retainer and the right of Attorney to consider the retainer earned in certain circumstances. In determining the extrinsic value of Attorneys services it is agreed that the preparation and representation of clients in a matter under BAPCPA requires many disparate tasks and functions for Attorney and Attorney's staff, some of which may require legal expertise and some of which may only be administrative or ministerial in nature and these functions all have value to Client. The value of Attorney's pre-petition, pre-filing services are not always evident to Client and more time, effort and resources are expended upon representation of a Client pre-filing of the petition then almost all clients realize.

3. **Legal Representation**. Client retains Attorney specifically, solely and exclusively for legal services in representing Clients legal interests in relation to a proposed filing under Chapter 13 of the USBC ("USBC"), as amended and effective October 17, 2005, known as the Bankruptcy Abuse and Consumer Protection Act ("BAPCPA"), and for no other matters or services ("Services"). Attorney accepts such representation pursuant to the specific written terms of this Agreement. Attorney's advice and analysis is based upon circumstances presented by client at the initial consultation (which may not include full disclosure by Client), as well as current, local, state, and federal laws. It is expressly agreed and understood between the Parties that this Agreement is not contingent upon the filing of a petition for relief and Client has no obligation to proceed to file a Chapter 13, or any chapter of bankruptcy or any bankruptcy petition. If Client decides not to proceed with the filing of the petition for any reason or (a) the petition is not

Benjamin | Brand | LLP is designated as a Federal Debt Relief Agency by an Act of Congress and the President of the United States. Member of the National Association of Consumer Bankruptcy Attorneys

INITIALS

Document Page 9 of 14
Document Page 4 of 9
BENJAMIN | BRAND | LLP

filed under the time frame expressed in this Agreement for any reason; (b) or filing Venue changes; (c) or the Client decides to just close the file; (d) or Client breaches this Agreement; then this Agreement shall be deemed concluded with Client obligated to pay for any work done and costs incurred.

4. **Scope of Legal Services Defined.** Attorney shall represent Client generally regarding Clients financial hardships and provide all legal services reasonably necessary to fully inform Client of requirements under Chapter 13 of BAPCPA. Attorney may represent, advise and perform legal services for the Client on matters related to a reorganization, restructuring, workout agreement, bankruptcy proceeding, or similar transaction contemplated or entered into by Client, and in connection with any filing of a Chapter 13 petition, schedules and related documents or such other services, or solutions, as may prove related and/or incidental thereto or as specified in this Agreement, including issues regarding the use, sale or lease of property of the estate, or the recovery of any property through avoidance actions under the Bankruptcy Code. Should Client proceed to have Attorney file a voluntary petition under Chapter 13 of the United States Bankruptcy Code, Attorney may, with the assistance and cooperation of Client, its agents and employees, perform the following services as specified under the terms of this Agreement, including, but not limited to the following: (a) the initial consultation; (b) representation in a Chapter 13 filing and negotiating a plan of reorganization; (c) review and preparation of documents necessary to file a Chapter 13 petition for relief and preparation and electronic filing of petition, schedules, all statements, statement of financial affairs, supplemental local forms, creditor list, and other documents and pleadings as necessary; (d) preparation and attendance of Client at all section 341 meetings of creditors and confirmation hearings were appropriate, negotiations, and other proceedings, related to the representation as described in this Agreement; (e) advise client as to the rights, duties, and responsibilities as a Chapter 13 debtor; (f) advise client in relation to available exemptions available under applicable law and in claiming exemptions that best serve the Client's interests; (g) assist Client in complying with all of the requirements imposed by the bankruptcy laws, the bankruptcy rules, or any local bankruptcy rules or otherwise; (h) review of proof of claims and objections where appropriate as determined by Attorney with cooperation of Client; and (i) and case administration and monitoring. It is understood that BAPCPA no longer allows for the restructuring or "Cram downs" of unsecured portions of residential mortgage liens (with certain exceptions).

5. **Excluded Matters.** This Agreement does not retain Attorney for any service(s) or matters not specified herein (except as required under BAPCPA, USBC or Rules, Local Rules of the US Bankruptcy Court or the presiding judge) and Attorney will NOT take any action outside of services described in this Agreement. Specifically, and without limitation, this agreement does not retain Attorney to pursue any appeal(s) related to the subject matter of this Agreement; for representation in any other chapter of bankruptcy; or of any other person, entity or business that may be owned, affiliated or associated with by Client or Client's spouse or that either may have an interest in; any pending or future litigation, legal proceedings or services of any type; any foreclosure defense proceedings or court actions; any loan modifications, mortgage loan forensic or securitization audits services; any traffic or drivers license related issues; any federal, state, local, divorce, or criminal court proceedings, actions or related matters; and clients are advised to attend all relevant court hearings or proceedings unless advised otherwise in writing. It is understood that BAPCPA no longer allows for the restructuring or "Cram downs" of unsecured portions of residential mortgage liens. This agreement does not include representation in any type of adversary complaints or proceedings, any type of bankruptcy litigation (outside the scope of this agreement) related to the mortgage of any type, whether the are residential, investment or commercial types, unless at Attorney's sole discretion such an undertaken would be advise-able post filing of a petition and then Attorney may agree to represent Client subject to the hourly rates of Attorney and the terms and conditions of this Agreement. In the event Attorney asks Client to enter into a separate retainer agreement for any excluded matter(s), or specifically adversary related representation, Client will do so upon request.

6. **Conclusion/Termination of Services.** The termination of Attorneys services or conclusion of this Agreement for any reason will not eliminate Clients obligation to pay for legal services rendered and other charges incurred before termination and in connection with an orderly transition of the matter and any unpaid fees for legal services or costs expended, shall be due, owing and payable immediately upon said dismissal, withdrawal, discharge of Attorney, or other event that concludes this matter or terminates services of Attorney, including dismissal of the bankruptcy petition. Any earned compensation or cost reimbursements received under this Agreement will not be applied or credited to any new service. If Client desires to retain Attorney for any other legal services, or upon the expiration or termination of this agreement for any other reason, a new and separate written retainer agreement specifying the specific representation would need to be executed between the parties prior to any such representation and additional attorney fees and costs may be due in advance, not subject to any previous quoted retainer fees. Though Attorney is not obligated to undertake any such new representation, any and all future work Attorney may handle for Client in the future in other matters will be handled in accordance with this Agreement at our hourly rates unless otherwise agreed upon. Upon cessation of Attorney's active involvement in any particular matter, even if Attorney continues to represent Client in other matters, Attorney will have no duty to inform Client of future developments, deadlines or changes in the law. At Clients prepaid expense, Attorney will return files, original papers and other property, if any, in its possession to Client upon a receipt of a request for any such materials unless they are appropriately subject to a lien under applicable law, and provided that Client has paid all outstanding legal fees and expenses due Attorney.

7. **Client Rights as to Conversion or Dismissal.** Bankruptcy law is subject to different interpretations and that there are inherent risks in how Courts will apply various provisions. Client assumes the risks in filing a chapter 13 bankruptcy petition including that: (a) a chapter 13 can be involuntarily converted by the court on its own, or a request of the U.S. trustee, chapter 13 Trustee, creditor or party in interest, for cause, including but not limited to bad faith in filing either the petition or the plan, non disclosure of assets, liabilities, improper transfers of interest, or otherwise in accordance with the USBC and relevant case law, to a chapter 7 without Client's approval and can result in the possible liquidation or loss of property, and may also include denial of discharge and inability of Client to have the converted case dismissed or re-converted; (b) a debtor in a chapter 13 may not have an absolute right to have the case dismissed upon request, under certain circumstances, and court approval will be required and will not be automatically granted under certain circumstances; and (c) in an individual case, failure of the debtor to pay post-petition domestic support obligations constitutes "cause" for dismissal or conversion. Client must be eligible to be a debtor under any chapter of bankruptcy in order to be able to voluntarily convert a petition to another chapter under the USBC. Upon conversion to a chapter 7 or chapter 11 any such fees or expenses due Attorney at the time of conversion will be treated as administrative expenses with Attorney entitled to priority payment(s) under Sections 503(b) and 507(a)(2) of the USBC, and in converting the petition additional attorney fees and costs will be incurred with Client remaining obligated for any unpaid balance of earned fees and costs due on any current and filed petition that is being converted in addition to the new legal fees and costs. Any compensation previously paid to the date of the conversion will be credited towards attorney fees or costs that have been earned for the pre-converted

Benjamin | Brand | LLP is designated as a Federal Debt Relief Agency by an Act of Congress and the President of the United States. Member of the National Association of Consumer Bankruptcy Attorneys

[Page - 2 of 7 THIS AGREEMENT CONTINUES UNTIL CONCLUDING ON PAGE 7]

INITIALS

BENJAMIN | BRAND | LLP

chapter 13, and only unearned compensation may be applied or credited to representation in a new or converted Chapter 7, 11, re-filing a petition, other proceeding or any other matter. Attorney shall be under no obligation or duty to prepare and file the necessary conversion and related court papers until a new and separate retainer or fee agreement has been executed by the parties setting forth the terms of such representation with the agreed fees and costs paid in full for the newly converted chapter 7 or new advanced fee retainer for a newly converted chapter 11. Upon request Client will promptly sign a retainer agreement post conversion for any legal services to be performed post conversion or Attorney will not be obligated to represent client post conversion and may withdraw.

8. **The Attorneys' Authority To Act.** (a) In matters of professional responsibility, the Attorneys shall act in their own discretion as they deem proper under the applicable rules of court and the Illinois Code of Professional Responsibility and the Courts hearing the litigation or such other court(s) wherein the Attorneys may come to represent the Clients (collectively "ICPR"), and without any direction from the Clients. However, Client is free to comment on any aspect of the Attorneys' professional conduct and are encouraged by the Attorneys to do so at any time; (b) Attorney recognizes that it is the Attorneys' general duty to carry out the directions of their principal, the Clients, but the Clients recognize that their agents, the Attorneys, are possessed of special skills and training in legal matters beyond those of the Clients. Therefore, in matters of general strategy, the Attorneys shall follow the general directions of the Clients where such direction does not impinge upon the Attorneys professional responsibilities in any or all matters, or the Attorneys' professional judgment in matters concerning which a full consultation with the Clients is not practical—i.e., and without limitation, how to proceed in open court, when the Clients cannot be reached, or when immediate action is needed; and (c) anything herein to the contrary notwithstanding, nothing herein shall be construed to limit the Attorneys' responsibilities under the ICPR, but it is the Parties' desire that the provisions hereof be liberally construed to the extent possible to conform to said ICPR. Should any provision hereof be found to violate the said ICPR, such finding shall not affect the remaining provisions hereof unless such finding would substantially and materially affect the basic purposes hereof, which are to provide the Clients with legal representation and to provide for reasonable payment to the Attorneys.

9. **Legal Strategies, Good Faith Claims and Ethics.** The Clients understand that some of the matters involved are complex and that any advice, opinion, consultation and the like, given at the initial consultation(s) is/was preliminary and based upon information provided by Client and facts available to Attorney at that time. Attorney's further investigation or analysis of the circumstances, facts or discovery of additional facts, changes in Clients circumstances or the laws, or other future events, may from time to time change the Attorneys' advice regarding any and all matters brought to them, perhaps materially so. From time to time, strategies may be reevaluated and/or even abandoned entirely depending on, among other things, the information obtained by the Attorneys. and the reaction of the Clients' Creditors, Lenders, or Servicers to any litigation or defenses brought on behalf of the Clients and/or settlement proposals and negotiations. The Attorneys are not obligated to begin or to continue to prosecute or defend any claim that in their sole professional judgment is or becomes objectively or subjectively frivolous, can only be brought in bad faith, or whose continued prosecution comes to constitute bad faith, violates or comes to violate any rule or code of professional ethics, or has or comes to have so little chance of success on the merits that it is not reasonable to expect the Attorneys to continue to invest their time in the prosecution thereof. The Attorneys may advise the Clients to settle any or all of Clients' particular matters in which they become involved. Client will request legal advice in writing on important matters with regard to which Client may rely upon Attorney for advice. Unless legal advice is given in writing Clients may not rely on any legal advice. Attorney will take reasonable steps to keep Client informed of any status or progress, and respond to Client's reasonable inquires, or questions in a reasonable fashion.

10. **Client Obligations, Representations of Good Faith and to Attorney.** Client will at all times to be truthful with Attorney, cooperate with Attorney, respond to Attorney's request timely, and keep Attorney informed of any developments, and current contact information and that Client will attend all scheduled court hearings IF told to do so by Attorney and Client will attend all scheduled meeting with Attorney as requested by Attorney in Attorneys office. Attorney will prepare the bankruptcy filing and associated documents based upon information supplied by Client and Attorney will rely upon this information as being true, accurate, complete and correct. Client attests and affirms that they will attend the section 341 meeting of creditors ("Trustee Meeting") and that Client has not, and will not, given Attorney any false or misleading information, will not omit any information from Attorney now or in the future and has and will continue to provide Attorney with timely, complete and accurate information, all requested information, all requested documentation, questionnaires, intakes, and pertinent information, including full disclosure all financial information to Attorney promptly and as requested by Attorney and prior to the filing of any petition for relief. If false, incorrect or incomplete information is included, or information is omitted, it can cause Client additional effort and expense to remedy the error, may place the bankruptcy itself in jeopardy and could result in civil or criminal liability. It is vitally important that the information included in the bankruptcy schedules be *complete and correct* to avoid any problems. Client will review all documents filed as part of the bankruptcy case, and Clients signature on those documents signifies that client has read them, understood them, and agrees with their contents. Client agrees to perform fully and conscientiously all the duties of a Debtor under the Bankruptcy Code, and shall timely, comply and communicate, with all reasonable requests for information or reports by the Bankruptcy Court, U.S. Trustee, any Creditor's Committee, and the Attorney. Client must preserve all records and documents related in any way to this matter, including all electronic documents and data. If Client should not act with absolute honesty and integrity with Attorney, or fails to fulfill its obligations, cooperate with or provide Attorney with complete and accurate information or if Client becomes delinquent in the payment of their bills, then the Attorneys may either decline to represent the Clients or discontinue such representation immediately and without notice, and in either such case, the Clients agree not to object to the Attorneys' declination, discontinuation of their services or motion to withdraw from this matter without any refund of any earned fees. Upon the filing of a petition for relief Client, unless otherwise instructed by this office, Client must and will pay all taxes incurred after the date of filing (and file all necessary tax returns), and maintain any required insurance on real and personal property.

11. **Venue for Filing.** This Agreement is subject to Client qualifying to file a petition for relief in the same U.S. District Court jurisdiction as defined by the USBC and rules, by permanently residing in, or maintaining the same domicile in which they are currently domiciled as of the date of this Agreement, and at the actual time of any filing of a petition for relief. In the event Venue changes before the filing of a petition for relief, for any reason, this Agreement will be deem concluded per the terms of this Agreement.

12. **Legal Fees and Billing Practices.** The Parties hereto understand and acknowledge that the amount of services to be provided by the Attorneys and the outcome of the representation are extremely difficult to predict as professional fees charged reflect a number of factors, including the number of attorney and non attorney hours incurred, the relative experience of the attorney(s) or staff member performing the services, the

**Benjamin | Brand | LLP is designated as a Federal Debt Relief Agency by an Act of Congress and the President of the United States. Member of the National Association of Consumer Bankruptcy Attorneys**

[Page - 3 of 7 THIS AGREEMENT CONTINUES UNTIL CONCLUDING ON PAGE 7]

INITIALS

Case 16-38408 Doc 12 Filed 12/19/16 Entered 12/19/16 23:57:39 Desc Main Document Page 6 of 9
BENJAMIN | BRAND | LLP

difficulty of the matter, and the results obtained for Client. Professional Fees are determined by multiplying the actual number of hours incurred by the hourly billing rate(s). Compensation will be paid to Attorneys at their customary hourly rates (including all para-professional staff) as they exist from time to time. Attorney's current hourly rates are $425.00 per hour for J. Kevin Benjamin, $375.00 per hour for Theresa Benjamin, and $125.00 for paraprofessional time (i.e., paralegals, law clerks or legal assistants). Services provided will be charged a minimum billing unit of one-tenth of an hour, and services will be recorded and billed in one-tenth of an hour increments. Attorney will charge for all services and activities undertaken in providing legal services to Client under this Agreement, including but not limited to the following: waiting and portal-to-portal travel time, both local and out of town; conferences/meetings, including preparation and participation; legal research and analysis; court and other appearances, including preparation and participation; and preparation and review of correspondence, documents, including email, telephone, facsimile, in-person and other communications with you, other attorneys or persons involved with this matter, governmental agencies and any other party or person contact with whom is advisable for our representation. Legal personnel assigned by Attorney to this matter may confer among themselves about Client's matter, as required and each will charge for the time expended, where appropriate. If more than one of Attorney's legal personnel attends a meeting, court hearing or other proceeding, Attorney will charge for the time spent by each individual only if it is necessary in Attorney's judgment to have two or more personnel at the meeting, hearing or proceeding.

13. **Billing Statements.** Attorney's standard practice is to bill each month for services rendered and expenses incurred by us during the previous month. Client will receive a copy of invoices with a detailed itemization of all fees and costs incurred, the basis for the fees and costs. The billing statement will list the professionals who worked on your matter for that billing period with their hourly billing rates. Payment is due upon receipt of Attorney's invoice. Attorney must approve any different payment arrangements in advance, in writing. Attorney reserve the right to terminate its representation if payment is not received within fifteen (15) days of its invoice, and Client agrees not to contest Attorney's withdrawal from any court or administrative proceeding if payment is not received within thirty (30) days of its invoice or request. Should Client have any questions concerning any statement, Client shall contact Attorney to discuss them so that there may be an opportunity to resolve any misunderstandings in a mutually agreeable manner.

14. **Court Approval of Fees Post Filing/Post Petition.** Upon the filing of the petition for relief and the duration of this matter all legal fees related to this Agreement are subject to the jurisdiction and control of the United States Bankruptcy Court for the District in which the petition was filed and the ultimate fees to be awarded Attorney for its representation may be approved by the Bankruptcy Court while it maintains its jurisdiction over this matter. Additional attorney fees may be requested by Attorney via interim fee applications filed by Attorney with the Bankruptcy Court seeking to obtain authorization for further award and payment of additional compensation based upon Attorney's prevailing hourly rates as indicated in this agreement, as well as for reimbursement of any costs or expenses incurred or expended by Attorney and Client may be charged without any further notice and in the discretion of the Bankruptcy Court for such services, including for costs and attorney fees earned post filing of the petition. Interim applications are not made on a particular time basis but may be submitted at Attorney's discretion for review and approval by the Bankruptcy Court. Client agrees to pay to Attorney any award of compensation or expenses promptly upon the entry of a Court order authorizing such award and in accordance with the terms of this Agreement and of any order awarding such fees and costs. Any subsequent increase in the attorney fees allowed by the Court shall be deemed to immediately modify and amend the terms and conditions of this Agreement as to the legal fees due Attorney and shall be incorporated herein by this reference and with the terms of the order awarding such fees and costs which may be added to your Plan per court order and may then be paid, post filing, through and included in the Chapter 13 Plan. Thus, it is possible that any additional fees and expenses added to your plan, or any proofs of claims from creditors with higher amounts claimed then were scheduled by Client, may result in an increase in your monthly plan payment or in an extension of the length of your Chapter 13 Plan or both. If the case is dismissed after approval of the fees and expenses but before payment of all allowed fees and expenses, the order entered by the Bankruptcy Court allowing the fees and expenses is not a judgment against the debtor for the unpaid fees and expenses based on contract law or otherwise. It is simply an order permitting the chapter 13 trustee to pay approved fees to Attorney as part of the payments it makes to creditors under a confirmed chapter 13 plan. Any fee awarded by the court and paid to Attorney by the the trustee would be credited towards any amount for earned compensation or cost reimbursement Attorney would otherwise be entitled to. The fact that Attorney may seek an award of attorney fees and costs from the court that does not exceed the amount held by the trustee does not mean Attorney is waiving any earned compensation under this agreement nor is any such an award by the court in such an instance an order limiting Attorney's earned compensation. Thus if the case is dismissed or pending dismissal the fact that the court awarded Attorney fees, or that Attorney only sought approval of fees and costs in an amount not exceeding the amount held by the trustee, has no bearing on what Attorney may be entitled to, and what Client may be obligated to pay to Attorney under this agreement. No such action shall be an indication that Attorney has waived any right to its compensation or agreed to have reduced or limited any compensation it would otherwise be entitled to under this agreement even if Attorney only seeks approval for fees that simply do not exceed what is held by the trustee, that is granted by the court. Specifically in any such cases an award by the court in such an amount is not an order from the court that Attorney has not earned compensation per this agreement in any amount exceeding the award and it is not an order limiting Attorney's compensation under this agreement in the event that Attorney's services under this agreement would otherwise entitle Attorney to compensation for earned fees or cost reimbursement above the amount awarded by the court. In any event, if earned attorney fees and costs reimbursements are not paid as agreed or as ordered by the Court upon the dismissal, completion, conversion or conclusion of this matter as indicated in this Agreement then they will be due and owing Attorney and Attorney may then invoice or request prompt payment from Client directly and in accordance with the terms and conditions of this Agreement. This includes any fees or cost reimbursement that has not been paid to Attorney, but had been awarded Attorney, as well as any earned fees or cost reimbursement that may be due for any work performed after an award of fees and costs from the time of the last interim fee application, but that has not yet been submitted to the Bankruptcy Court or reviewed by the Bankruptcy Court if pending, or any amounts earned by Attorney in excess of any amount paid to attorney by the trustee based upon an fee award sought by Attorney and awarded by the Court that simply was based upon the fact that said amount was all that Attorney would be able to be paid from the funds the trustee was holding.

15. **Retainer.** The Retainer will be credited against any costs or expenses incurred by the Attorney as well for services performed by Attorney at the hourly billing rates. Client will pay Attorney a pre-petition, pre-filing retainer in the total amount that is specified in this Agreement, prior to the filing of any petition for relief (the "Retainer"), and in the following manner. 1) upon a pre-petition, pre-filing initial retainer; and if necessary (2) an

Benjamin | Brand | LLP is designated as a Federal Debt Relief Agency by an Act of Congress and the President of the United States. Member of the National Association of Consumer Bankruptcy Attorneys

[Page - 4 of 7 THIS AGREEMENT CONTINUES UNTIL CONCLUDING ON PAGE 7]

INITIALS

Document Page 12 of 14
Document Page 7 of 9
BENJAMIN | BRAND | LLP

additional pre-petition, pre-filing retainers or retainer payments due prior to the filing of any Chapter 13 petition. Client understands that in a matter of this kind it may be appropriate to take into account in establishing Attorney's fees additional factors, including the complexity of the work, the efficiency with which it is accomplished, the extent Attorney forego's other client opportunities, the nature of the results, or the like. Thus, Client will pay Attorneys a retainer in the amount listed below, at the time of, or prior to, the execution of this Agreement ("the Initial Retainer(s)"). The type, definition and classification of each retainer are specifically defined in this Agreement. The retainer shall be paid from funds of Client. In the event a Client desires to have payments made to Attorney by third parties, and not funds of Client, Attorney must specifically be notified. The fact third parties may pay some or all of the Clients' bills do not excuse the tardy payment of any bill by the Clients. Client may not pay attorney fees or expense by credit card but may use a debit card. If the Initial Retainer is paid in installments, those payments must be reasonable, in equal installments divided by the payment term, and paid timely and in succession until paid in full within the time period stated.

16. **Type, Definition and Classification of Retainer.** All retainers described herein, including all future retainer payments, are expressly agreed to be "advance payment retainers" as described in *In re Production Associates, Ltd.*, 264 B.R. 180 (Bkrtcy.N.D.Ill.2001) and *Dowling v. Chicago Options Associates, Inc.*, 2007 WL 1288279 (Ill.) and Client expressly agrees to this type of retainer as a condition of Attorney accepting representation. No funds will be held in any type of attorney trust fund account as the Attorneys will commingle the retainer and any future retainer(s) payments immediately upon receipt with their general funds being obligated only to refund an amount equal to the unearned portion thereof, if any (and not the actual retainer funds themselves), promptly after the termination or conclusion of the Attorneys' services or of this Agreement. Client maintains a contract right to the performance due from Attorney per this Agreement, but that does not give rise to any property right in any specific payments or compensation paid Attorney and Attorney is not holding any funds on behalf of Client, now or in the future, related to the specified retainer or any payments on Attorney compensation. Ordinarily, Clients have the option to request that the retainer be considered a "security retainer" where Clients continue to have an interest in the funds, but Clients recognize and agree that the Attorneys would not undertake the representation on that basis. The Attorneys are obligated by the Dowling case to advise Clients of the reason they would decline to represent Clients on a security retainer basis, and that reason is the Attorneys do not desire even potentially to compete with the creditors of the Debtor-Clients. This is advantageous to Clients in the Attorneys' opinion because the Dowling case makes specific reference to creditor problems as a reason justifying either an advance payment retainer or classic retainer over a security retainer. Further, Attorneys representation is time consuming and Attorney believes the initial retainer, and pre-petition, pre-filing retainer(s) will be earned quite easily and that the ultimate amount of legal fees will be in excess of the initial retainer and pre-filing, pre-petition retainer(s), which amount shall be credited against any amounts due at the termination or conclusion of this Agreement.

17. **Payment on Retainer.** If Retainer is paid in installments, those payments must be reasonable, in equal installments divided by the payment term, and paid timely and in succession until paid in full within the time period stated. If payment terms are not adhered to, payments dishonored, payments missed, stopped or reversed, then this Agreement shall immediately terminate without further notice to Client. In that event all previous receipts of earned compensation and costs will not be refunded and no further professional, legal or ethical responsibility will afforded to Client by Attorney from that time forward.

18. **Payment Credits.** All payments on account of the indebtedness represented by this Agreement shall be applied first to accrued and unpaid interest, late charges, collection fees, additional attorney fees and the remainder to principal on any Retainer fees, legal fees, cost or due diligence reimbursement and finally filing fees, despite any characterization by Client on any payment. Client authorizes Attorney to apply any "filing fee" and any payment for expenses that have not been incurred towards the Attorneys retainer. In the event Client is re-filing, re-retaining Attorney for an initial filing, or even retaining attorney for a new matter, it is understood and agreed that any payments toward compensation will be credited first to any balance owed on any previous case(s)/accounts and any funds Client may think they are paying for a re-filing or re-retaining or other case will be applied to previous cases first.

19. **Additional Retainer.** Unless the Retainer quoted is paid in full at the execution of this Agreement, Client will pay a second and additional retainers ("the Additional Retainer" or "AR") in a manner specified in this Agreement and on or before the filing of any petition for relief under Chapter 13 of the USBC.

20. **Attorney Lien.** Client hereby grants Attorneys a lien on any and all claims, causes of action, judgments or settlements that are the subject of the representation under this Agreement, or may arise from the subject of this Agreement. Attorneys' lien will be for any sums due and owing at the conclusion of services.

21. **Security Interest.** Client grants Attorney a security interest through an attorney's lien on such funds paid to Attorney to the extent of Attorneys fees and costs.

22. **Filing Fee.** The Retainer does not include the $310.00 filing fee for a Chapter 13 (subject to change at anytime) or any costs, expenses or due diligence. The Filing Fee is not due until the petition is actually going to be filed and Client agrees to NOT pay that to Attorney in advance of filing or until told to do so by Attorney and Attorney may invoice Client separately for the filing fee and costs which will be due and payable at that time.

23. **Client's Obligations to Pay Designated Costs, Fees, Expenses and Due Diligence.** Client understands that in addition to any attorney fees that client is responsible for any and all reasonable costs associated with said representation and Attorneys due diligence. At Clients expense, Attorney is empowered to obtain information about Client's assets, credit, creditors, taxes, debts, income, expenses and other public and non-public information that may be used to verify and ensure the completeness of the information provided by Client as part of Attorney's due diligence and ordinary course of representation. Such information may not be comprehensive or complete. It is obtained for background information and to aid Attorney's due diligence. Attorney may order multiple due diligence products at its discretion as due diligence may be done when retained, before filing, any time in between, or as often as Attorney deems prudent as before filing some due diligence may have become stale. These costs, expenses and due diligence are not part of Attorney's overhead.

24. **Statute of Limitations and Tolling.** It is understood the filing of a petition in bankruptcy will "Toll" any statute if Limitations period, including but not limited to, any Internal Revenue Services, local, state and federal taxes, non-dischargeable debts, lawsuit deadlines, or collection periods, etc.

25. **Disclaimer of Guarantee.** (1) Nothing in this Agreement or any statements to Client will be construed as a promise or guarantee regarding the

**Benjamin | Brand | LLP is designated as a Federal Debt Relief Agency by an Act of Congress and the President of the United States. Member of the National Association of Consumer Bankruptcy Attorneys**

[Page - 5 of 7 THIS AGREEMENT CONTINUES UNTIL CONCLUDING ON PAGE 7]

INITIALS

Document Page 13 of 14
Document Page 8 of 9
BENJAMIN | BRAND | LLP

outcome of the Client's matter or chance for success and no guarantee as to specific results has been given to Client, with any express or implied comments about specific results or potential outcome of matters pertaining to Client are expressions of opinion only and do not create or imply a promise, warranty, representation, guarantee, as to a specific outcome on Clients matte; (2) Attorney has not made any promise or guarantee to "save" any real property of Client, or that a cause of action against any creditor or lender exists or would result in any creditor or lender's agreement to change, modify, or restructure any loan terms or reduce any negative equity in real property; (3) There are risks in filing for bankruptcy, including the possible liquidation or loss of property and Client understands that bankruptcy law is subject to different interpretations and that there are inherent risks in how Courts will apply various provisions; (4) If a Chapter 13, since confirmation of a Chapter 13 plan requires a court order, no guarantees or representations are made as to whether such approval will or can be obtained or that client will obtain a discharge under any chapter of the USBC; (5) Legal services and proceedings are uncertain, and there are various interpretations and changes in the laws occur as well as unknown factors that may alter the outcome or results; (6) Client acknowledges there is NO GUARANTEE to the successful filing of a petition for relief under any chapter of the USBC, confirmation of any plan of reorganization, or the defense of any motion to dismiss, modify the automatic stay, adversary proceeding or contested matter, and that there are, in fact, significant risks if a Standing Trustee, U.S. Attorney/Trustee or Creditor prevails in any action; & (7) Attorney makes no guarantee that Client will be eligible and qualify to file a petition for relief under any certain chapter of the USBC now or in the future.

26. **Dishonored Payments.** Attorney will charge Client $50.00 on all dishonored checks or payments dishonored, returned NSF, Insufficient Funds or Account Closed, Payment Stopped, Payment Reversed or Charged Back, Unauthorized, declined debit/credit card, and the like. Client will pay all fees/costs associated with collection, of said dishonored checks/payments. If Client issues a check to Attorney that is not honored for any reason, or debit or credit card is declined, dishonored, reversed or charged back and any dishonored payment is not immediately resolved by Client, this agreement will be deemed concluded and Clients file closed automatically with no further notice required to be given by Attorney to Client.

27. **Legal Advice Regarding This Agreement.** The Attorneys are not representing the Clients regarding its entering this Agreement, nor are they rendering any legal advice to the Clients regarding same. The Clients acknowledges and represents that the Attorneys have advised it that it should retain its own independent legal opinion (meaning from legal counsel other than the Attorneys) regarding it entering this Agreement with the Attorneys, and that the Clients has indeed obtained that independent legal advice or has knowingly waived its right to obtain such independent advice. The Clients is strongly urged and entreated by the Attorneys to obtain such outside, independent, legal opinion of the lawyer or lawyers of its choice before entering this Agreement, and to have said independent attorneys make any inquiries regarding this Agreement as they may so desire.

28. **Agreement Complete.** This instrument contains the terms and conditions constituting the entire Agreement between the parties and may not be modified except by a written agreement signed by all parties. There are no promises, terms, conditions or obligations applicable to Attorney's representation hereunder, except as expressly set forth in this Agreement. The terms hereof supersede any previous oral or written agreements or understandings between the parties with respect to Attorney's representation, with all previous understandings or agreements having been merged herein. In the event any provision hereof for any reason is illegal or unenforceable, the same shall not affect the validity of the remaining provisions. This Agreement may be signed in Counterparts and each of the terms and provisions of this Agreement are to be deemed severable in whole or in part, and if any term or provision or the application thereof in any circumstances should be invalid, illegal or unenforceable, the remaining terms & provisions or the application thereof to circumstances other than those as to which it is held invalid, illegal or unenforceable, shall not be affected thereby and shall remain in full force & effect.

29. **Rule of Reasonableness.** This Agreement shall be construed under a rule of reasonableness at the time it was entered, examining any provision thereof with a mind that the Parties hereto were acting in good faith and without oppression, attempting to reach a fair and equitable means on which the Attorneys could pursue the Client's interests on behalf of the Clients and be paid the reasonable fees provided for herein. All actions taken in accordance herewith shall be construed under a rule of reasonableness as of the time they were taken.

30. **Consent to Jurisdiction and Services.** This Agreement shall be deemed executed in the City of Chicago, County of Cook, State of Illinois, where it arose and where it shall substantially or totally be performed, and shall be construed and governed under the laws of said jurisdiction and venue by agreement of the Parties. The Parties consent to the subject matter jurisdiction of any such Court and in no event shall any party to this Agreement contest the jurisdiction or venue of any such court(s) over them with respect to any claims or disputes arising out of this Agreement.

31. **Effective Date.** The representation covered by this Agreement commences only upon the receipt by Attorney of a signed Agreement and payment of the initial Retainer and prompt, current payments, in succession and as agreed, on any payments toward the full pre-filing, pre-petition Retainer. Without an agreed payment there is no consideration and no effective contractual, ethical, or legal responsibilities between the parties.

32. **Penalty of Perjury.** CLIENT UNDERSTANDS THAT THE INFORMATION DISCLOSED IN OUR PETITION IS GIVEN UNDER PENALTY OF PERJURY AND THAT THE FEDERAL PENALTY FOR PERJURY MAY INCLUDE IMPRISONMNET AND HEAVY FINES

33. **Time Is Of The Essence.** Any delay on Clients part may disqualify Client for Chapter 13 relief or otherwise adversely affect client's case. Attorney may not be able to file the case or take other necessary actions, until all requested documents and/or information, including but not limited to the certificate of credit counseling, are received by Attorney along with all required attorney fees, costs and filing fee.

34. **Estimate of Retainer and Effect of Client Delays.** The Retainer quoted was estimated based upon the anticipated amount of work required by Attorney based the information provided by Client to Attorney at the initial consultation and intake forms, regarding the estimated amount of creditors, debts and current assets, of Client indicated at the initial consultation and client's duties and obligations as set forth in this agreement. If any information is incomplete, inaccurate or incorrect the attorney fee and any Retainer on attorney fee, may be adjusted upwards by Attorney and the advice or recommendation of Attorney, including as to what Chapter to file, may change. Further, Attorney reserves the right to charge additional fees and retainers due to any Client delays in paying retainer fees, costs/filing fee on time, returning or signing off on the petition or in providing information to Attorney, including but not limited to, appraisals, proof of insurance, title reports, tax returns, pay advices, bank statements or any other requested documents or information. These can be monthly for updating the petition/file and will be a minimum of one hour of attorney time. If retainer is paid and petition prepared and Client delays the filing for whatever reason Attorney may close the file with no obligation to file that petition in the future. At Attorneys discretion it may charge an update fee (along with potential new due diligence costs) to redo the petition as the petition and due diligence expire/become stale quickly under BAPCPA and Attorney will have to update/re-do/re-analyze the petition and clients situation again and that is not contemplated as a service under this Agreement, but depending on the timing and circumstances Attorney may state the file is closed

**Benjamin | Brand | LLP is designated as a Federal Debt Relief Agency by an Act of Congress and the President of the United States. Member of the National Association of Consumer Bankruptcy Attorneys**

[Page - 6 of 7 THIS AGREEMENT CONTINUES UNTIL CONCLUDING ON PAGE 7]

INITIALS

BENJAMIN | BRAND | LLP

and with no further obligation and no refund of any earned attorney fees.

35. **Copies:** A copy, facsimile, electronically signed or other reproduction or copy of this agreement, including any signatures (electronic or otherwise), shall have the same force and effect as the original and be deemed to be an original for all lawfully enforceable purposes and shall have the same force and effect as an original.

36. **Pre Filing, Pre-Petition Initial Retainer Terms.** The Retainer is not a flat fee all inclusive Retainer as the amount of work required prior to the filing of a petition for relief (and over the life of a chapter 13 plan if applicable) is hard to ascertain and the Retainer will be credited against the hourly rates and work performed by Attorney. The Initial Pre-Filing, Pre-Petition Retainer quoted below is the Pre-Petition, Pre-Filing Retainer required before a case will be filed and post filing may be disclosed to the Court in accordance with the terms and conditions of this Agreement. The pre-petition, pre-filing Initial Retainer must be paid in full upon the execution of this Agreement, but Attorney, at its discretion, may undertake a reasonable payment plan for the payment of the full pre-filing, pre-petition Retainer. Upon the filing of the petition for relief any attorney fees or costs that may still be due at the time of filing may not be invoiced directly to Client and Client may not pay attorney directly on any pre petition amount that may be due and owing as any billing procedures and direct payments to Attorney are suspended upon the filing of a Chapter 13 petition and during an active Chapter 13.

The balance of the legal fees may be taken post filing inside the Plan and in accordance with the terms and conditions of this Agreement.

$ __4,000_____.00 Pre-Petition, Pre-Filing Retainer Fee due in full within the payment term per this Agreement before filing a petition (not including filing fee, due diligence or other costs/expenses as stated in this Agreement).

(-) $ ____500_____.00 Amount paid today on Pre-Petition, Pre-Filing Retainer at the signing of this agreement.

= $ __3,500_____.00 Amount due on Pre-Petition, Pre-Filing Retainer before the filing of any Chapter 13 Petition and Plan, plus the filing fee, due diligence or other costs/expenses as stated in this Agreement.

In 2000, the U.S. Electronic Signatures in Global and National Commerce (ESIGN) Act established electronic records and signatures as legally binding, having the same legal effects as traditional paper documents and handwritten signatures. DocuSign warrants federal ESIGN Act compliance. DocuSign's advanced signature is legally admissible and enforceable in almost every civilized country in the world, which has adopted an electronic signature law, and the vast majority recognize DocuSign's form of electronic signature as meeting the definition of a valid electronic signature. Any copy or reproduction of this Agreement shall have the same force and effect as an original.

The undersigned individuals acknowledge to have read, reviewed, understand and received an exact completed copy of *all SEVEN pages* of this Agreement and agree to be bound by all their terms and affirm that I/we are the person(s) requesting services of Attorney under this agreement.

DATED THIS 29th DAY OF SEPTEMBER, 2016

Client(s) confirm that each of them have the necessary authority to execute this agreement and obligate themselves to the terms hereof. Client(s) hereby authorize and direct Attorney to begin representation immediately and Attorney will undertake representation immediately upon the execution of this Agreement and thus legal fees will start being earned.

**CLIENT(S):**

Client: [signature]

Print: DONNA J. ABBOTT

**FIRM: BENJAMIN | BRAND | LLP (A debt Relief Agency)**

FOR FIRM: /s/ J. Kevin Benjamin

Print: J. Kevin Benjamin, Esq., (on behalf of Benjamin | Brand | LLP)

Benjamin | Brand | LLP is designated as a Federal Debt Relief Agency by an Act of Congress and the President of the United States. Member of the National Association of Consumer Bankruptcy Attorneys

[Page - 7 of 7 THIS AGREEMENT CONTINUES UNTIL CONCLUDING ON PAGE 7]

INITIALS